UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
APR - 5 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V. INDICTMENT NO. 18cr38-KKC
18 U.S.C. § 2320(a)(1)

JAY PARK

* * * * *

**THE GRAND JURY CHARGES:**

1. In or about July 2017, and continuing through on or about October 30, 2017, in Fayette County, Scott County, and Carter County, in the Eastern District of Kentucky, and elsewhere,

**JAY PARK**

with others, knowingly and intentionally joined and voluntarily participated in a conspiracy and agreement to traffic in goods with counterfeit marks, where the counterfeit marks were substantially indistinguishable from genuine marks in use and registered with the United States Patent and Trademark Office, and where the use of the counterfeit marks was likely to cause confusion, mistake, and deception.

2. It was the purpose of the conspiracy that **JAY PARK** and others unlawfully enriched themselves by selling goods with counterfeit marks through stores in the Eastern District of Kentucky, and elsewhere, without the authorization of the companies that had spent money developing the quality of the goods with the genuine marks, and that had

registered those marks with the United States Patent and Trademark Office.

3. In furtherance of the conspiracy, one or more of the co-conspirators committed at least one of the following overt acts in the Eastern District of Kentucky.

a. In or about July 2017, selling counterfeit goods to Eastland Food Mart, at 1541 Eastland Parkway in Lexington, Kentucky.

b. In or about September 2017, selling counterfeit goods to Bluegrass Mart, at 464 Squires Road in Lexington, Kentucky.

c. In or about September 2017, selling counterfeit goods to Valero Food Mart, at 2005 Paris Pike in Georgetown, Kentucky.

d. In or about September 2017, selling counterfeit goods to Broadway Mini Mart, at 506 North Broadway Street in Georgetown, Kentucky.

e. In or about October 2017, selling counterfeit goods to JNG Mart, at 1051 North State Highway 7 in Grayson, Kentucky.

f. In or about October 2017, selling counterfeit goods to Marathon Food Mart, at 2001 Versailles Road in Lexington, Kentucky.

g. On or about October 30, 2017, storing counterfeit goods in a vehicle at Valero Food Mart, at 2005 Paris Pike in Georgetown, Kentucky.

All in violation of 18 U.S.C. § 2320(a)(1).

## FORFEITURE ALLEGATION
**18 U.S.C. § 2323**
**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461**

4. Paragraphs 1 through 3 are incorporated here for the purpose of alleging

forfeiture to the United States of certain property in which **JAY PARK** has an interest, pursuant to the provisions of 18 U.S.C. § 2323(b).

5. Pursuant to 18 U.S.C. §§ 2323(b) and 2320(c), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461, and upon conviction for the felony crime charged in the Indictment, **JAY PARK** shall forfeit to the United States of America any article, the making or trafficking of which is prohibited under 18 U.S.C. § 2320(a)(1); any property used, or intended to be used, in any manner or part to commit or facilitate the commission of an offense under 18 U.S.C. § 2320(a)(1); and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense under 18 U.S.C. § 2320(a)(1). That property subject to forfeiture includes, but is not limited to, any property, real or personal, which constitutes or is derived from proceeds traceable to the felony crime.

6. If any of the property described above, as a result of any act or omission of **JAY PARK**:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant

to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**A TRUE BILL**

**ROBERT M. DUNCAN, JR.**
**UNITED STATES ATTORNEY**

## PENALTIES

Not more than 10 years imprisonment, fine of $2,000,000, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Forfeiture, as alleged.

**PLUS:** Restitution, if applicable.